FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 SEP 30 AM 11:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. |
| Plaintiff, | § § § | JUDGE **09-6603** |
| versus | § § § | MAG. JUDGE **SECT. J MAG. 2** |
| BERRY SERVICES, INC., | § § § | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | § § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Ms. Lakisha Baker and other similarly situated female employees who were adversely affected by such practices.

The Commission alleges that Ms. Baker was sexually harassed by owner Milton Berry, Sr. when he subjected her to a sexually hostile work environment and offered her tangible benefits if she would acquiesce to his requests for sexual favors. Despite Ms. Baker's protestations and refusals to acquiesce, Mr. Berry continued to subject Ms. Berry to a sexually hostile work environment and continued to offer her tangible benefits if she would agree to his sexual requests.

Fee_____ USA
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

The Commission also alleges that in retaliation for refusing to acquiesce to Mr. Berry's sexual advances, the Defendant terminated Ms. Baker's employment. The Commission further alleges that Mr. Berry subjected other female employees to the same sexually hostile environment. The Commission's allegations are discussed in greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Berry Services, Inc., (the "Employer" or "Defendant"), has continuously been a Louisiana corporation doing business in the State of Louisiana and the Metropolitan area of the City of New Orleans, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## **STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Ms. Lakisha Baker filed a charge with the Commission alleging violations of Title VII by the Employer. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. Since at least November 2006, Defendant has engaged in unlawful employment practices in Metairie, Louisiana, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a). Specifically:

   A. While employed by the Defendant, Ms. Baker was sexually harassed by the owner, Milton Berry, Sr. The harassment included but was not limited to inappropriate sexual statements, requests for sexual favors, inappropriate and unwarranted touching and offers of tangible benefits if Ms. Baker would acquiesce to the owner's requests. Ms. Baker began her employment with the Defendant in November 2006. On her first day of employment, owner Milton Berry, Sr., began subjecting Ms. Baker to a sexually hostile work environment by touching her inappropriately and propositioning her for sex. In addition, Mr. Berry offered Ms. Baker tangible benefits (promotion and/or a salary increase) if she would acquiesce to his sexual advances. Mr. Berry made these requests on a daily basis. However, Ms. Baker continued to refuse his advances.

   B. Ms. Baker indicated that every day Mr. Berry would proposition her for sex even offering to pay her for oral sex. In fact, Mr. Berry told Ms. Baker that if she agreed to engage in oral sex she could get a salary increase and/or a promotion. According to Ms. Baker, Mr. Berry continually used inappropriate sexually explicit language in her presence and constantly touched her. Ms. Baker stated that on one occasion Mr. Berry pulled her pants down and tried to touch her. Ms. Baker stated she continued to refuse his advances and told him she was not going to have sex with him.

   C. On February 16, 2007, Ms. Baker was discharged because she would not acquiesce to Berry's requests for sexual favors. Despite his repeated requests, Ms. Baker continued to refuse to requests for sexual favors. The last incident occurred just before she was discharged. Mr. Berry told Ms. Baker to call him the night of February 15, 2007, to discuss having sex. Ms. Baker did not call. The next day Friday, February 16, 2007 Ms. Baker was discharged.

   D. Another former female employee, Valerie Manson, stated she was also subjected to a sexually hostile work environment when she began working for Berry Services, Inc., in 2003 or 2004. She stated she resigned somewhere around January 2007 because of the sexually hostile environment. Mr. Berry touched her

constantly, and was always hugging her and rubbing her back and arms. This employee informed him that she did not like him touching her and asked him to stop. Despite her numerous requests that he leave her alone, Mr. Berry's unwelcome behavior continued. Mr. Berry would make comments while rubbing her back. This female employee stated she was afraid to be alone with him on the bus and cringed every time he touched her. Further, there are other females that were subjected to a sexually hostile work environment from 2003 to 2007 by Milton Berry.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Baker and other similarly situated female employees who were adversely affected by such practices of equal employment opportunities and to otherwise adversely affect their status as an employees, because of sex and opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Ms. Baker and other similarly situated female employees who were adversely affected by such practices.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminate on the basis of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for employees who

4

participate or oppose unlawful employment practices and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Ms. Baker and other similarly situated female employees who were adversely affected by such practices by providing reinstatement, appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to compensatory and punitive damages.

D.  Order Defendant Employer to make whole Ms. Baker and other similarly situated female employees who were adversely affected by such practices by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Ms. Baker and other similarly situated female employees who were adversely affected by such practices by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Ms. Baker and other similarly situated female employees who were adversely affected by such practices punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                **JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
Equal Employment Opportunity Commission
131 "M" Street, N.E.
Washington, D.C. 20507-0001

**JIM SACHER**
Regional Attorney
Bar Roll Number 14888
**RUDY SUSTAITA**
Acting Supervisory Trial Attorney
No Bar Roll Number Assigned
Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002

*/s/ Michelle J. Butler*
**MICHELLE T. BUTLER (T.A.)**
Senior Trial Attorney
Bar Roll Number 1286
Equal Employment Opportunity Commission
New Orleans Field Office
1555 Poydras Avenue, Suite 1900
New Orleans, LA 70112
Tel.:   (713) 209-3398 (Sacher)
         (713) 209-3400 (Sustaita)
         (504) 595-2872 (Butler) (TA)
Fax:   (504) 595-2886
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**Agent for Service:**
Milton Berry, Sr.
7821 Nevada St.
Metairie, La 70003

6